RECEIVED
IN LAKE CHARLES, LA

MAR 17 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| TRAVIS LEE JOSEPH | CIVIL ACTION NO. 07-1356 SECTION P |
|---|---|
| VS. | JUDGE MINALDI |
| RICHARD STALDER, ET AL. | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Travis Joseph on August 15, 2007. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana. He names as defendants DOC Secretary Richard Stalder and CPP Warden Henderson. As a result of alleged constitutional violations, plaintiff seeks "punitive damages, loss of freedom, privileges in segregation, emotional injury." [Doc. 1-1, p.6].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff claims that on October 30, 2006, while at an unidentified facility, he was sent to segregation due to a positive urine test. Plaintiff states that he did not have the required hearing within 72 hours of placement in segregation, and that while in segregation he was denied use of the telephone, was only allowed to leave his cell for showers, was given cold food, had to drink hot water out of a face bowl, and was "bunched up" with two other inmates in a cell. [Doc. 1-3,

p.1]. He stayed in segregation at this unidentified facility until his December 11, 2006, transfer to Elyan Hunt Correctional Center. Plaintiff was then transferred to Phelps Correctional Center on December 18, 2006. He went before the PCC board on January 18, 2007, where he was apparently found guilty of rule's violations in conjunction with the urinalysis test. Plaintiff also states that on July 10, 2007, he was sent to segregation for not being clean shaven for work, and was subsequently sentenced to 60 days loss of good time credit. He claims that he was found guilty "without a court order" [Doc. 1-3, p. 2], and that this action violated his constitutional due process rights.

## LAW AND ANALYSIS

*Frivolity Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

2

F.2d 480, 483 n. 4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. In the present case, plaintiff's complaint provides an adequate description of the facts relied upon to support his theory of liability. Thus, further amendment of his pleading would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undesigned concludes, for the following reasons, that the complaint should be denied and dismissed with prejudice as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §1915 and 1915A.

***Plaintiff's Administrative Segregation Claims***

Plaintiff does not state where he was incarcerated on October 30, 2006, when he was placed in the segregation unit because of a positive urine test. However, it is clear that it was not PCC. Thus, to the extent that the information supplied regarding this incident is meant to state a claim in the current matter against the named defendants, it fails to do so. It is unlikely that defendant Henderson, a warden at PCC, would be implicated in the events that occurred at the

unnamed facility. Further, it appears that plaintiff has named defendants Henderson and DOC secretary Stalder in their supervisory capacities, and it is well settled that the doctrine of *respondeat superior*, which may impose liability on an employer or supervisor for the tortious conduct of an employee, is inapplicable to suits under 42 U.S.C. §1983. *See Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987); *Mouille v. City of Live Oak,* 977 F.2d 924 (5th Cir. 1992), *cert. denied,* 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District,* 877 F.2d 313 (5th Cir. 1989), *cert. denied,* 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under §1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington,* 150 F.3d 538, 544 (5th Cir. 1998). Here, plaintiff has not alleged any acts or omissions of the defendants, or any unconstitutional policies implemented by them that may have deprived plaintiff of his constitutional rights.

Even if plaintiff had named proper parties, his claims as to the incidents at the unidentified facility would nevertheless be subject to dismissal. Specifically, he did not suffer the loss of any good time credits as a result of the disciplinary actions complained of at the unindentified facility. Rather, plaintiff states that he did not have the required hearing within 72 hours of placement in segregation, was denied use of the telephone, was only allowed to leave his cell for showers, was given cold food, had to drink hot water out of a face bowl, and was "bunched up" with two other inmates in a cell. If good time was not confiscated as a result of the disciplinary action, plaintiff has no federally-protected due process rights. In the wake of *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995), the ambit of a

prisoner's potential Fourteenth Amendment due process liberty claims has been dramatically narrowed.[1] *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Prisoners have a liberty interest only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these normally consist of deprivations which clearly impinge on the duration of confinement. *Id.* (quoting *Sandin* ). The deprivations alleged by plaintiff simply do not rise to the level of "atypical and significant hardship."

Further, the Fifth Circuit has found that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (1995)). The Fifth Circuit has also rejected the claim that the additional restrictions imposed on those in administrative segregation violated due process rights. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (*per curiam*). In that case, the court stated "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Id.* at 580 (quotation omitted).

### *Plaintiff's Loss of Good Time Claims*

Plaintiff alleges that he lost 60 days of good time credit as a result of the prison disciplinary proceeding at PCC. The Supreme Court has held that a plaintiff in a § 1983 action

---

[1] The *Sandin* Court noted that the protections of Fourteenth Amendment due process defined in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), i.e. notice, hearing, impartial hearing officer, etc., do not apply to disciplinary sentences that do not present "a dramatic departure from the conditions of the [prisoner's] sentence." In sum, the Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

5

may not recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Supreme Court has extended *Heck* to prison disciplinary proceedings such as the one at issue here, concluding that claims for damages and declaratory relief that necessarily imply the invalidity of the punishment imposed in a disciplinary conviction are not cognizable in a 42 U.S.C. § 1983 proceeding. *Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Plaintiff's assertion that the prison disciplinary action in question is unconstitutional, if credited, would necessarily imply that his conviction and sentence for the disciplinary case was invalid. Because he has not shown that the disciplinary case has been overturned, he cannot maintain a § 1983 action against the defendants for damages. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 486-87. In short, his claim is not cognizable under section § 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have been overturned, either on administrative appeal, through *habeas*, or by some other means. *See also, Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995) (citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir. 1993) (unpublished)). Plaintiff's claims in this regard lack an arguable basis in law and are frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Finally, the undersigned notes that plaintiff filed this civil rights action on August 9,

2007, a mere ten days after filing a different § 1983 lawsuit seeking damages for alleged violations of his right to the free exercise of religion.[2]  Nevertheless, on the complaint form used to file the instant case, plaintiff answered "No" to the question, "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?" Plaintiff would be well advised to re-read the declaration on the last page of his complaint which states, in pertinent part, "I understand that I am prohibited from bringing a civil action *in forma pauperis* if . . . I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury." *See also* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FED.R.CIV.P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

---

[2] Docketed in the Western District of Louisiana as 2:07-cv-1297 and dismissed with prejudice on November 20, 2007 for failure to state a claim upon which relief could be granted.

7

days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17th day of March, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE